State ex rel. ANNA L. LYNCH,

*Plaintiff and Respondent,*

vs.

The Board of County Commissioners, Converse County, Wyoming,

*Defendant and Appellant.*

(No. 2705; May 8, 1956; 296 Pac. (2d) 986)

436

For the defendant and appellant, the cause was submitted upon the brief of William P. Dixon of Glenrock, Wyoming.

For the plaintiff and respondent, the cause was submitted upon the brief and also oral argument of J. B. Sullivan of Douglas, Wyoming.

## OPINION

BLUME, Chief Justice.

This is an action for mandamus commenced by the relator, Anna L. Lynch, against the Board of County Commissioners of Converse County, Wyoming, to compel the board to pay her the statutory salary of county superintendent of schools. Relator in her amended petition alleged that she was elected as County Super-

intendent of Schools of Converse County, Wyoming, at the election of November 2, 1954; that she filed her bond with the defendant board as provided by law; that she had previously filed with said board her Wyoming teacher's certificate which reads in words and figures as follows, to wit:

"State of Wyoming
    Department of Education
        (Seal)

"Elementary Life Certificate

"This Certifies That Anna Lenore Lynch, having met all the requirements as prescribed by the State Board of Education, is hereby granted this Certificate, which entitles the holder thereof to teach in the permit high schools, elementary and rural schools of the State of Wyoming for life.

"Issued this 1st day of September, 1936.
"143

"/s/ Jack R. Gage

"State Superintendent of Public Instruction"

The relator further alleged that the certificate is in full force and effect; that she took oath of office as required by law and is in all respects a duly qualified superintendent of schools. Relator further stated that she presented her voucher for salary as county superintendent of schools for the month of January 1955 but that the board refused to pay it, claiming that she was disqualified as county superintendent. She asked that a writ of mandamus be issued, compelling the board to pay her salary.

In answer to the amended petition, the board of county commissioners stated that the reason for refusal to pay the salary of county superintendent of schools to the relator was that she was disqualified

under the statutes of this State. These statutes applicable herein will be mentinoed hereafter. The board further answered that the certificate held by the relator is not a certificate which complies with the statutes of this State and the rules enacted by the board of education of the State; that on October 11 and 12, 1954, the State board of education in regular meeting added to the rules and regulations governing the certificates of teachers the following rule: "The Standard Administrative Certificate shall be considered as a first class certificate as mentioned in Section 27-1102, Wyoming Compiled Statutes, 1945." The board further answered that on February 5, 1955, the State board of education made the following rule: "Miss Linford was instructed to inform the attorney for Miss Anna Lynch of Converse County that the Board still holds that the Standard Administrative Certificate is a first class certificate and since Miss Lynch's certificate would not meet the requirements of the Standard Administrative Certificate, she does not have a first class certificate," and that the board was informed of this rule by letter from the State superintendent of public instruction in February 1955. Section 27-1101, W.C.S., 1945, provides as follows:

"There shall be in each organized county a superintendent of public schools, who shall, on or before time of his nomination and election as said superintendent, file with the county clerk his or her Wyoming teacher's certificate, or certified copy thereof, of as high a rank as first class in full force and effect * * * ."

Section 27-1102, W.C.S., 1945, provides:

"No county superintendent of schools shall receive compensation out of any public fund for his services as county superintendent of schools until he has filed with the board of county commissioners a Wyoming teacher's certificate of as high a rank as first class, in full

force and effect; and the said county superintendent of schools shall be required to have such certificate in full force and effect during his term of office to entitle him to compensation out of public funds."

Section 67-116, W.C.S., 1945, provides:

"The State Board of Education shall prescribe rules and regulations for administering the laws governing the certification of superintendents, supervisors, principals, and teachers, whether by examination in specified subjects or through the completion of courses in approved institutions and in its discretion, prepare and publish lists of approved Normal Schools, Colleges, and Universities and fix standards for such approval."

Section 27-1101, W.C.S., 1945 (§ 30-901, W.R.S., 1931), in which the provision here in question first appeared in 1925, provides that a county superintendent of schools shall hold a teacher's certificate of as high a rank as first class. A similar provision is contained in § 27-1102, W.C.S., 1945, first enacted in 1913. The statutes do not state what is a first class certificate, nor do the rules of the board of education contain any specific reference thereto. That board in October 1954, after the relator had been nominated for the office, prescribed that: "The Standard Administrative Certificate shall be considered as a first class certificate as mentioned in Section 27-1102, Wyoming Compiled Statutes, 1945." It does not state that no other certificate may be considered as first class within the meaning of the statute. The board of education during the course of years has issued various, and in fact numerous, classes of certificates; and we are not able to tell that the certificate held by the relator may not also be a certificate in its particular class that satisfies the statute. And in case of doubt, we resolve that doubt in favor of what the electorate has decided. State ex rel. Pape v. Hockett, 61 Wyo. 145, 156 P.2d

299. So we cannot do anything else except to affirm the judgment of the trial court herein.

We shall discuss the matter somewhat further. The primary point of importance is as to what was the intention of the legislature. Section 27-1102, W.C.S., 1945, was first enacted in 1913. We know what the intention of the legislature was at that time, for the statute then in existence (§ 2013, W.C.S., 1910) specifically provided for first class certificates; and as we mentioned in the Hockett case, the requirements for that certificate were substantially a high school education, or perhaps a little more, but very little more. The definition of first class certificate apparently disappeared from the statutes when the legislature by c. 120, S. L. of Wyoming, 1917, provided for a State Department of Education. Nevertheless, when the legislature in 1925 inserted in § 27-1101, W.C.S., 1945, a provision similar to that in the act of 1913, namely, that a county superintendent of schools should have a certificate equal to that of first class, there is at least a doubt that it meant anything more than what it meant in 1913. There is no indication to the contrary. Immediately after the 1925 act was passed, the State board of education construed it, as shown in the Hockett case, stating that a county superintendent of schools should have a Class A Certificate, which required little more than a high school education. Some weight should be given to a contemporaneous construction of the statute. 82 C.J.S. 758. At the time of the decision of the Hockett case, in 1945, the board of education did not require that a county superintendent of schools should be a college graduate. We said in that case (p. 304):

"We are inclined to agree with the Board that the legislature did not intend that a county superintendent of schools shall necessarily be a college graduate but

just what the legislature intended by its provisions made in 1925 is in doubt. * * * "

Yet, despite what we said in that case, the board of education in October 1954 stated that the "Standard Administrative Certificate" is a first class certificate and, by the letter of February 1955, indicated that that certificate is the only one that measures up to the requirements of the statutes. It, among other things, makes a requirement that the county superintendent of schools must have a Bachelor's degree (must be a college graduate), contrary from what we said in the Hockett case.

Just what power the board of education has, or can constitutionally be given, to determine the qualification and eligibility of persons for the office of county superintendent of schools is not clear. Consideration should be given to the point as to whether the legislature itself should or must establish a norm or standard, similar to that existing in 1913, by which the qualifications of county superintendents of schools may be determined. See 16 C.J.S. 403, n. 37; State ex rel. Davis v. Evans, 122 Tenn. 184, 122 S.W. 81; Wynn v. State, 67 Miss. 312, 7 So. 353. These matters have not been argued and hence are left open for future determination. As pointed out in the Hockett case, the law on the subject is in such an unsatisfactory condition that it would seem advisable for the legislature to take the matter in hand and determine definitely what the educational requirements of a county superintendent of schools shall be.

We might incidentally state that the board of education made its latest rule in October 1954, after the relator had been nominated for the office she now holds. Retrospective legislation is not favored. 82 C.J.S. 981.

That should apply to rules and regulations. Hence, even if the rule in question were such as to govern in the future, we ought not to apply it to the relator in this case.

The judgment of the trial court is accordingly affirmed.

*Affirmed.*

HARNSBERGER and PARKER, J., concur.